---

(No. 10765.—Rule made absolute.)
THE PEOPLE *ex rel.* The Chicago Bar Association, Relator, *vs.* JAMES N. TILTON, Respondent.

*Opinion filed June 20, 1918—Rehearing denied October 2, 1918.*

DISBARMENT—*commissioner's findings are conclusive when respondent does not present all the evidence.* Where the respondent in a disbarment proceeding does not present to the Supreme Court all the evidence upon which the commissioner's findings of fact are based such findings are conclusive, and the only question is whether the facts found warrant the commissioner's conclusion that the respondent be disbarred.

INFORMATION to disbar.

JOHN L. FOGLE, (A. F. REICHMANN, of counsel,) for relator.

JAMES N. TILTON, *pro se.*

Mr. JUSTICE COOKE delivered the opinion of the court:

An information for the disbarment of James N. Tilton, respondent, was filed at the April term, 1916. The respondent answered, and the cause was referred to Joseph Mahoney as commissioner, who heard the evidence, made findings and recommended the disbarment of respondent. Exceptions were filed to the commissioner's report by the

respondent, but it does not appear from the certificate of the commissioner that all the evidence taken has been filed with the report. The certificate is to the effect that the witnesses whose depositions are thereto annexed were, before testifying, first duly sworn, etc. Where the respondent in a disbarment proceeding does not bring to this court the evidence upon which the commissioner's findings of fact are based such findings are conclusive, and the only question is whether the facts found warrant the commissioner's conclusion that the respondent should be disbarred. (*People* v. *Gilbert,* 263 Ill. 85.) This rule applies with equal force where a part, only, of the evidence taken is presented, as the correctness of the commissioner's findings of fact cannot be questioned unless the whole of the evidence taken is before us.

The commissioner finds as facts that respondent was admitted to the bar and licensed to practice in this State on January 13, 1892; that on May 5, 1913, he was appointed administrator of the estate of Orlando W. Snedecker, deceased, by the probate court of Cook county; that proof of heirship in that estate was taken on June 11, 1913, showing that Jennie Snedecker, the mother of the deceased, was the only heir-at-law and next of kin; that respondent qualified as such administrator but neglected to file an inventory, whereupon a citation issued against him on February 6, 1914, requiring him to appear before the probate court on February 20, 1914, and show cause why his letters should not be revoked; that on March 2, 1914, he filed an inventory in the estate showing cash collected from the Walker Vehicle Company, in full settlement of the claim for damages against it for causing the death of the deceased, of $1700, which inventory was approved by the court; that Jennie Snedecker was seventy-six years old at the time of the death of her son, who lived with her and was her sole support; that respondent made disbursements out of the fund in his hands as administrator totaling $481.25; that

he refused to make any payments to Jennie Snedecker out of the balance, on the ground that Orlando W. Snedecker left a widow and two children surviving him; that there was no proof made that Snedecker was ever married, but, on the contrary, for several years prior to his death he and his mother lived together and constituted the only members of the family; that on July 15, 1914, respondent filed his final account in said estate showing a balance on hand of $1218.75, which account was approved by the court; that on July 15, 1914, Jennie Snedecker procured the entry of an order in the probate court directing respondent, as administrator, to pay over to her on Friday, July 17, 1914, the balance remaining in his hands as such administrator; that on July 17, 1914, respondent filed a petition in the probate court in which he set up that he was informed and believed that Snedecker left a wife and two children surviving him as his only heirs-at-law and next of kin and that they resided in the city of Indianapolis, Indiana, and prayed that the order of distribution theretofore entered be vacated and that respondent be granted additional time to make proof of heirship; that this petition was denied and an appeal was prayed and allowed to the circuit court; that the matter was heard in the circuit court in the months of November and December, 1914, where proof was made that Snedecker was not married and did not have a wife or children, and no evidence was presented on that subject by respondent; that upon that hearing Jennie Snedecker offered in court to furnish respondent an indemnifying bond, and respondent stated that he could not pay the money then but thought he could pay it within a short time without any indemnifying bond; that on December 16, 1914, an order was entered directing respondent to pay the balance in his hands as such administrator to Jennie Snedecker and upon such payment to her that he and his bondsmen be discharged; that respondent has never satisfied that judgment; that on March 13, 1915, a petition for attachment was filed

in the circuit court of Cook county against respondent by Jennie Snedecker, setting up the rendering of said judgment and praying that respondent be imprisoned until he should comply with the said order and judgment; that on March 19, 1915, an order was entered on said petition decreeing that the respondent, as administrator, pay to Jennie Snedecker the balance in his hands as such administrator, together with costs and interest at five per cent from December 16, 1914, on or before April 18, 1915, and upon his failure to do so that he be committed to jail until he should pay said sum or be discharged by due course of law; that a few days thereafter one of the attorneys representing respondent paid Jennie Snedecker by his personal check the sum of $100 to be applied on said judgment; that thereafter respondent negotiated the sale of some property of one of his bondsmen and out of the proceeds thereof paid $225 on said judgment; that prior to this last payment Jennie Snedecker brought suit on the bond of respondent as such administrator; that respondent contested that suit; that judgment was finally rendered against respondent and his bondsmen; that on the hearing before the commissioner respondent claimed that he had deposited the said sum of $1700 in his personal account in the bank of Charles J. L. Kressman & Co., a private bank, and that on December 31, 1913, the creditors of said bank filed a petition in bankruptcy against Kressman and the bank was thereafter adjudged bankrupt. The commissioner then finds that the respondent claims that during the time from May, 1913, when the deposit of $1700 was made, to the 31st day of December, 1913, when the bank failed, he had on deposit to his credit not less than $3000 at any one time, and that on December 31, 1913, he had on deposit to his credit the sum of $7500, but the respondent did not offer any evidence in support of his own testimony. The commissioner then finds that respondent filed a claim for $7500 in the bankruptcy proceedings, which was disallowed, and that the re-

spondent testified that he was prepared to take an appeal from the order disallowing the claim; that respondent admitted in his testimony that during the time he had an account with Kressman & Co. he never had a bank book for deposits nor a check book and kept no record of his deposits and withdrawals but depended upon monthly bank statements and canceled checks to ascertain his balance; that he did not offer in evidence any monthly bank statements nor canceled checks to corroborate his own testimony, and that there is still due from respondent, as such administrator, the sum of $892.75.

These findings of the commissioner fully warrant his conclusion that the conduct of respondent was unprofessional and dishonorable and denoted lack of good moral character and his recommendation that the name of the respondent be stricken from the roll of attorneys. The report of the commissioner is confirmed.

The rule is made absolute and the name of respondent will be stricken from the roll of attorneys of this court.

*Rule made absolute.*